IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JULIO'S RESTAURANT AND CANTINA OF CEDAR FALLS, IOWA, L.L.C.,<br><br>    Defendant. | Case No. CR06-2035<br><br>ORDER |

      This matter comes before the court pursuant to Defendant Julio's Restaurant and Cantina's oral motion for the appointment of counsel pursuant to the Criminal Justice Act (CJA), made during the defendant's Arraignment on June 9, 2006. The defendant's motion for appointed counsel is denied.

      The issue for the court is whether the Sixth Amendment right to assistance of counsel applies to entities in addition to persons. The court finds that it does not. In Scott v. Illinois, 440 U.S. 367 (1979), the Supreme Court held that the Sixth Amendment requires only "that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." The Court, in Scott, determined that because the defendant in that case was only sentenced to a monetary fine of $50.00 and was not sentenced to a term of imprisonment, his Sixth Amendment rights had not been violated by reason of the fact that counsel had not been appointed to represent him. In United States v. Unimex, Inc., the Ninth Circuit Court of Appeals considered whether the holding in Scott applied to corporations. United States v. Unimex, 991 F.2d 546, 549 (9th Cir. 1993). The Unimex court noted that it was

1

well settled that a corporation has a Sixth Amendment right to be represented by counsel. Unimex, 991 F.2d at 549 (citing American Airways Charters, Inc. V. Regan, 746 F.2d 865, 873 (D.C. Cir. 1984); United States v. Rad-O-Lite of Philadelphia, Inc., 612 F.2d 740, 743 (3d Cir. 1979)).

The Criminal Justice Act provides for "appointment of counsel for an indigent 'person,' but does not say whether a corporation is a 'person' for purposes of appointment of counsel." Id. (citing 18 U.S.C. § 3006A(a)). The Fourth Circuit Court of Appeals held that a corporation is not a person under 18 U.S.C. § 3006A. United States v. Hartsell, 127 F.3d 343 (4th Cir. 1997). The court, in Unimex, looked to the statutory context of the CJA and concluded that "[i]f the purpose of the statute is to assure that criminal defendants' constitutional right to appointed counsel is protected, then no appointments are needed for corporations. Being incorporeal, corporations cannot be imprisoned, so they have no constitutional right to appointed counsel." Id. at 549-550 (citing Scott, 440 U.S. at 367). The Unimex court found, therefore, that the "Sixth Amendment accordingly does not provide for appointment of counsel for corporations without sufficient assets to retain counsel on their own. . . . [and] the CJA does not provide so either." Id. At 550 (citing United States v. Hoskins, 639 F. Supp. 512 (W.D.N.Y. 1986)). Likewise, the Fourth Circuit Court of Appeals, in United States v. Hartsell, noted that there was not "even one court which has held that a company was entitled to appointed counsel," and that the CJA includes no language indicating such a right. United States v. Hartsell, 127 F.3d 343, 350 (4th Cir. 1997). The court, in Hartsell, held that This court agrees with the rationale of Scott , Unimex, and Hartsell, and finds that neither the Sixth Amendment nor the CJA provide that counsel "must be appointed, at public expense, to represent a corporation in criminal proceedings." Hartsell, 127 F.3d at 350 (citing Unimex, 991 F.2d at 550; Hoskins, 639 F. Supp. at 514).

Upon the foregoing,

IT IS ORDERED that Defendant Julio's Restaurant and Cantina is not entitled to court appointed counsel.

June 12, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT